**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>   Plaintiff,<br>vs.<br>Letitia Garcia,<br>   Defendant. | No. CR 20-783-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion to Modify Conditions of Release (Doc. 24) filed by Defendant Letitia Garcia ("Garcia"). The government has filed a response (Doc. 25).

*Factual and Procedural History*

According to the Plea Agreement, Garcia knowingly conspired and agreed with other persons to transport illegal aliens on or about February 12, 2020, at or near Menegers, Arizona (Doc. 19). On that date, she was driving a white Chevrolet Suburban with six illegal aliens from Mexico. She knew they were illegal aliens and knew they had not received prior authorization to come, enter, remain, or reside in the United States. Further, she intended to assist them in remaining in the United States unlawfully and was going to be paid to transport them. Specifically, the Complaint indicates that Border Patrol Agents had observed a group of illegal aliens cross the International Border and walk to an abandoned house. The BPA Agents observed the Suburban pick up six of those aliens; a stop of the vehicle resulted in the arrest of Garcia, who had been driving the Suburban.

1   Garcia committed the current offense while on federal probation in CR 18-702. In that
2   case, Garcia was convicted of conspiracy to harbor illegal aliens for profit. Additionally,
3   Garcia has a 2011 prior conviction for conspiracy to transport and harbor illegal aliens for
4   profit.

5   At the February 14, 2020, Initial Appearance, Garcia submitted on the issue of
6   detention, but requested a detention hearing (Doc. 5).

7   A February 18, 2020, Pretrial Services Report stated that Pretrial Services "believes
8   the defendant poses a risk of nonappearance based on her criminal history, her alleged
9   criminal activity while on federal probation, the forthcoming petition to revoke her probation,
10  and her mental health history . . . [and] believes the defendant poses a danger to the
11  community based on her criminal history, her pattern of similar criminal activity, and her
12  alleged criminal activity while on federal probation."  (Doc. 6, p. 4).  Pretrial Services
13  recommended Garcia be detained because "[t]here are no conditions or combination of
14  conditions to reasonably assure either the defendant's appearance in court or the safety of the
15  community." (*Id.* at 5).

16  At the February 19, 2020, Detention Hearing, the magistrate judge ordered Garcia
17  detained, with leave to readdress the matter of detention upon receiving additional
18  information (Doc. 10).  Specifically, a review of the recording of the proceeding indicates
19  that, because a petition to revoke had been filed in CR 18-702, defense counsel was granted
20  leave to preserve and argue the issue in the future. The magistrate judge found there was
21  probable cause to believe Garcia committed the offense, found Garcia was a risk of
22  nonappearance, noted Garcia's criminal history included warrants, and adopted the finding
23  of the Pretrial Services Report. Garcia was ordered detained (Doc. 11).

24  Garcia has been charged, by Information, with Conspiracy to Transport Illegal Aliens
25  for Profit (Doc. 15). On March 30, 2020, Garcia pleaded guilty to the information (Doc. 18).
26  She is currently scheduled for sentencing on May 27, 2020.

27  Garcia filed a Motion to Modify Conditions of Release (Doc. 24) on April 13, 2020.
28  She argues she should be released because she is concerned about contracting COVID-19

- 2 -

while being held in custody. Garcia asserts she suffers from high blood pressure, diabetes, and asthma; further since her incarceration, she has been on oxygen at various times. Garcia points out that this places her at higher risk for serious illness. She requests she be granted pre-sentencing release in this matter and in the pending admit/deny matter (CR 18-702).

*Detention / Release Standard*

The applicable rule states:

> The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

Fed.R.Crim.P. 46. Additionally, the applicable statute provides:

> (a) Release or detention pending sentence. –
>
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).
>
> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a). In this case, §3143(a)(1) is applicable. Moreover, as the presentence report has not yet been completed in this case, the Court cannot say the applicable guideline will result in a recommendation for a term of imprisonment. The Court, therefore, considers

- 3 -

whether Garcia has shown clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released.

Further:

> in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the Court shall] take into account the available information concerning (1) the nature and seriousness of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . .

18 U.S.C. § 3142(g); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

*COVID-19*

Garcia does not proffer any information that addresses whether or not she is likely to flee or pose a danger to the safety of any other person or the community if released. Rather, she requests to be released in light of COVID-19 and her elevated risk for severe illness. Garcia points out that the CDC has provided guidance to individuals with an elevated risk and asserts she can take none of those additional precautions while in custody. However, Garcia has not shown that she is any less likely to contract COVID-19 on release than while in the custody of CoreCivic.

Indeed, while the Court does not necessarily embrace an argument that somehow people are generally safer in Bureau of Prisons or CoreCiviC facilities than they are out of such custody, the government validly argues CoreCivic has enacted robust protocols to address the transmission into and inside its facilities, the prevention, identification, treatment, surveillance, isolation, testing, and the protection of the uninfected. In contrast, the Pretrial Services Report indicates Garcia seeks to return home, with her nephew as a third-party custodian. The Court has no basis to conclude such environment would provide any greater, and may not even match, the protective protocols utilized at CoreCivic. Even if the applicable statutes allowed the Court to weigh the speculative risk of Garcia contracting COVID-19 while in custody, this would be balanced by the risk of Garcia contracting the

- 4 -

illness while out of custody. Furthermore, Garcia asserts she has periodically been on oxygen while in custody; however, this seems to acknowledge that Garcia is receiving proper care in the facility.

Additionally, as of April 27, 2020, the U.S. Marshal Service has advised the Court there are no COVID-19 suspected or confirmed cases of an inmate in the unit of the CoreCivic facility at issue.

*18 U.S.C. § 3142(g) Factors*

Garcia does not argue there has been a change to the nature and circumstances of the offenses or the weight of the evidence. Garcia appears to be arguing her medical history and characteristics, in light of COVID-19, warrant her release.

However, in addition to Garcia's medical history, she has a history of similar smuggling operations and prior convictions. Indeed, she committed the current offense while on federal probation. The Pretrial Services Report further indicates Garcia's unreported travels to Mexico and history of mental health supports a determination Garcia poses a risk of nonappearance. Further, as pointed out by the government, "After pleading guilty, Defendant is still facing a significant prison sentence and she still poses a risk of nonappearance." Response (Doc. 25), p. 6. The Court finds Garcia's history and characteristics supports a conclusion that no conditions of release could reasonably assure her appearance or the safety of others and the community.

Accordingly, IT IS ORDERED:

1. The Motion for Review of Magistrate's Order Denying Motion to Reconsider Detention (Doc. 24) is GRANTED in part to the extent this Court has reviewed the order of the magistrate judge but DENIED in part as to the requested relief.

2. Letitia Garcia is DETAINED pending trial or further order of the Court.

DATED this 1st day of May, 2020.

_____
Cindy K. Jorgenson
United States District Judge